IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James G. Blakely,           )<br>                             )<br>           Petitioner,    )<br>                             )<br>      v.                    )<br>                             )<br> Warden Broad River          )<br> Correctional Institution,   )<br>                             )<br>           Respondent.      )<br>_____) | C/A No. 4:07-2012-MBS<br><br>**AMENDED  O R D E R<br>AND  O P I N I O N** |

Petitioner James G. Blakely is an inmate in the custody of the South Carolina Department of Corrections. Petitioner seeks a pro se writ of habeas corpus pursuant to 28 U.S.C. § 2254.

This matter is before the court on Respondent's motion for summary judgment filed December 6, 2007. By order filed December 6, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response to Respondent's motion for summary judgment on January 4, 2008.

In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling. On April 16, 2008, the Magistrate Judge filed a Report and Recommendation in which he recommended that the court grant Respondent's motion for summary judgment and dismiss the petition. Petitioner filed objections to the Report on April 23, 2008 and supplemented these objections on May 5, 2008. On May 21, 2008, Petitioner filed a motion for injunction, requesting the court to order his transfer to another facility.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). However, the court is not obligated to conduct a de novo review of the Magistrate Judge's Report "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## I. PROCEDURAL HISTORY

The facts and procedural history of this case are detailed in the Magistrate Judge's report. Briefly, in January 1999, Petitioner was tried and convicted for voluntary manslaughter and assault and battery of a high and aggravated nature ("ABHAN"). The Honorable Lee S. Alford sentenced Petitioner to thirty years for voluntary manslaughter and ten years for ABHAN, to run consecutively. Petitioner appealed his conviction and sentence.

On September 26, 2000, the South Carolina Supreme Court dismissed the appeal. Petitioner filed a pro se motion for rehearing which was denied by the Supreme Court on November 3, 2000. On February 21, 2001, Petitioner filed his first application for post-conviction relief ("PCR").

A PCR hearing was held on June 25, 2002. The PCR Judge granted relief on the "sole issue of the failure of trial counsel to object to [the ABHAN victim's] prejudicial and inflammatory

testimony." App. 696-97. The PCR Judge did not issue specific rulings on Petitioner's other allegations.

On September 23, 2002, the state filed a notice of appeal, seeking review in the South Carolina Supreme Court. On September 7, 2004, the Supreme Court granted the state's petition for writ of certiorari and reversed the PCR court's ruling. Petitioner moved for rehearing, which was denied by the Supreme Court on October 6, 2004. On September 22, 2004, the Supreme Court remanded Petitioner's case to the circuit court for a ruling on Petitioner's outstanding allegations.

On November 10, 2004, Petitioner filed a second PCR application. On March 21, 2005, the court dismissed Petitioner's second PCR application as untimely and successive. On June 17, 2005, the court filed a final order of dismissal. Petitioner filed a notice of appeal with the South Carolina Supreme Court. On September 22, 2005, the Supreme Court issued an order upholding the dismissal of Petitioner's second PCR application and again remanding Petitioner's first PCR application to the circuit court for a ruling on Petitioner's outstanding allegations.

On April 7, 2006, the PCR Judge denied all remaining issues not previously considered in Petitioner's first PCR application. Petitioner filed a motion for reconsideration, which was denied on May 8, 2006. Petitioner filed a pro se petition for writ of certiorari with the South Carolina Supreme Court on June 14, 2006. The Supreme Court denied certiorari on June 25, 2007. On July 5, 2007, Petitioner filed the within § 2254 petition, asserting thirty-one grounds for relief.

## II. DISCUSSION

The Magistrate Judge found that all thirty-one of Petitioner's alleged grounds for relief were without merit. In response, Petitioner restates the grounds set forth in his § 2254 petition and raises only one objection to the Report and Recommendation. Specifically, Petitioner argues that the

Magistrate Judge has "not examined Petitioner's case, pleadings or exhibits," and expressed findings "in his Report and Recommendation that Petitioner's records and transcripts do not support." Petitioner's Supplemental Objections, p. 1. Petitioner alleges that the Magistrate Judge relied on a "false transcript." Petitioner's Objections, p. 1.

As a preliminary matter, the court is not obligated to conduct a de novo review of the Magistrate Judge's Report "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Nevertheless, the court has reviewed the pleadings, Report and Recommendation, and exhibits of record and finds no evidence indicating that the Magistrate Judge failed to examine any of Petitioner's case. Furthermore, Petitioner has not put forth any evidence indicating that the Magistrate Judge relied on a "false transcript." Accordingly, the court concurs in the Magistrate Judge's conclusion that Petitioner is not entitled to relief.

### III. CONCLUSION

The court adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. For the reasons stated herein and in the Report and Recommendation, Respondent's motion for summary judgment (Entry 39) is GRANTED and the within petition for writ of habeas corpus is dismissed without a hearing. Petitioner's motion for injunction (Entry 66) is DENIED. All other pending motions are hereby denied as moot.

**IT IS SO ORDERED.**

                                  s/Margaret B. Seymour
                                  Margaret B. Seymour
                                  United States District Judge

Columbia, South Carolina
January 28, 2009                        Nune Pro Tunc Date: July 29, 2008

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.